**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Raymond Robert ZOCCOLA,**
**Defendant-Appellant.**

**No. 75–1200.**

United States Court of Appeals,
Ninth Circuit.

Feb. 13, 1975.

Rehearing Denied July 31, 1975.

---

William M. Coffey, Milwaukee, Wis., for defendant-appellant.

William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

## OPINION

CHAMBERS, Circuit Judge:

Zoccola has been convicted in the district of Arizona of trafficking in heroin. On his trial, he was represented by a Wisconsin lawyer. The case was not in forma pauperis prior to conviction.

On appeal the district court approved a transcript at government expense under the Criminal Justice Act and appointed John Lindberg as Zoccola's attorney for the appeal, also under the Criminal Justice Act. I take judicial notice of what I know personally: that Mr. Lindberg is an outstanding attorney in the criminal field.

Now as the deadline for the appellant to file his brief arrives, Mr. Zoccola presents to the court S. Jeffrey Minker, of Tucson, another lawyer, to be substituted for the appeal. This might delay the appeal. I assume that Mr. Minker is quite competent.

Of course, ordinarily a man is entitled to an attorney of his own choice. The district court has denied the substitution none the less, and on application here I deny it without prejudice to further consideration on reapplication.

Here is what motivates the district court: Mr. Minker will be paid by a Miss Pat Mokma, described by Mr. Minker as Mr. Zoccola's "girl friend." She will pay Mr. Minker by giving him title to a vintage Cadillac admittedly worth $2,000 to $2,500. The district court is concerned about the government paying for the transcript in such circumstances after the defendant had represented to the court that he could not arrange to pay for either a lawyer or the transcript.

It is requested that the district court hold a further hearing and inquire into:

1. The history of any financial transactions between Miss Mokma and Mr. Zoccola.

2. What is a reasonable fee for Mr. Minker to charge for the appeal. Here the fee may be reasonable, but certainly the court can consider the reasonableness of the fee in deciding whether the government should pay for the transcript.

3. Did Mr. Zoccola know Miss Mokma and about her Cadillac at the time he represented to the court that he could not get private counsel.

Counsel has indicated Miss Mokma will pay for the transcript if this court says so. On the present record, I am not prepared to say so, although I think so. But if the district court still refuses after a further hearing, which at all events I desire, to permit the substitution, I will further consider the substitution matter.

Meanwhile, counsel are reminded that appellant's opening brief is due here March 3, 1975, and this deadline must be

met. I do not see how Mr. Minker could meet it when he says he has not yet opened a file on the case.

This court may have to consider revoking Mr. Zoccola's bail if the deadline is not met.